UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

MARY ANTOINETTE ROBINSON,

        Plaintiff,

        v.                                          Case No. 10-C-0292

CHASE BANK,

        Defendant.

---

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE PURSUANT TO 28 U.S.C. § 1915(e)**

Plaintiff, Mary Antoinette Robinson, filed a *pro se* complaint against defendant Chase Bank on April 7, 2010. In addition, she filed a petition and affidavit to proceed without prepayment of fees and costs.

A district court may authorize a plaintiff to proceed in forma pauperis, meaning that the plaintiff does not have to prepay the $350 filing fee to commence the lawsuit, if the person submits an affidavit setting forth the assets she possesses, indicating that she is unable to pay the fees, and stating her belief that she is entitled to redress. Title 28 U.S.C. § 1915(a).

As stated above, Robinson filed such an affidavit on April 7, 2010. The affidavit states that she is not incarcerated, unemployed, unmarried and does not have any legal dependants. Robinson further asserts that (1) she owns a 1993 Buick Roadmaster;[1] (2) she does not own a residence; (3) she has a bank account with a balance of $5.00; (4) she has no valuable tangible or intangible property; (4) she states that she has no monthly

---

[1] The court considers Robinson's car an illiquid asset.

income or monthly expenses.  Under the Other Circumstances section of the affidavit, Robinson states the following: "I'm indigent & unemployed & an [sic] now stay back with my Dad. Whom [sic] is on a fixed income &  I get foodstamp's [sic] & just got in a W2 program to find a job since I had to renew my new health coverage w/ the county."  Pet. and Aff. to Proceed Without Prepayment of Fees and/or Costs at 5.   Therefore, based on Robinson's affidavit, the court is satisfied that she meets the requirements for proceeding in forma pauperis in this case.

However, the inquiry does not end with this finding.  Under 28 U.S.C. § 1915, the court conducts an initial review of the plaintiff's claims and will dismiss an action if it finds that (1) it is frivolous or malicious, (2) the complaint fails to state a claim on which relief may be granted, or (3) the plaintiff seeks damages from a defendant who is immune from such relief.  Title 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor.  While Robinson need not plead particular legal theories or particular facts to state a claim, the complaint must contain a short and plain statement of the claim that will give the defendant fair notice of what Robinson's claim is and the grounds upon which it rests. *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000).  Accepting a plaintiffs' allegations as true, "a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

The allegations of Robinson's complaint are as follows: "I'm suing for selective service Banking [sic] although my account is below $100 to even open an account

2

they haven't closed or sent me any thing [sic] regarding it if so you'll be the first to know. I'm also suing for civil right sex, creed color. Information [sic] act to know over all this." Compl. Attach. at 5-6. Robinson "demand[s] 10 million for all this Bank has put me through & whatever finding maybe [sic] in this case." Compl. at 6.

As Robinson is proceeding *pro se*, the court must construe her complaint liberally. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). Even so and assuming these allegations are true, it is clear that this court lacks jurisdiction to grant Robinson's request, as she fails to state a claim under any federal law or the United States Constitution. Although she states that she is bringing claims for violation of her civil rights based on her sex, creed and color, Robinson does not set forth facts which may entitle her to relief. She does not present facts suggesting that she may be entitled to relief based on the Freedom of Information Act. *See* 5 U.S.C. § 552. Lastly, nothing offered by Robinson indicates she is raising a diversity claim within the jurisdiction of this court. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii),

IT IS ORDERED that the petition to proceed in forma pauperis is granted.

IT IS FURTHER ORDERED that this case is dismissed for failure to state a claim.

Dated at Milwaukee, Wisconsin, this 20th day of April, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE